**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000626
09-OCT-2019
07:54 AM**

NO. CAAP-17-0000626

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FRANK GLEICH,
Petitioner-Appellant,
v.
STATE OF HAWAI'I,
Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(S.P.P. NO. 13-1-0006; (CR. NO. 02-1-0026))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Chan, JJ.)

Petitioner-Appellant Frank Gleich (Gleich), pro se, appeals from the Circuit Court of the Fifth Circuit's (circuit court's) July 28, 2017 "Findings of Fact; Conclusions of Law; Order Denying Without a Hearing [Gleich's] Rule 40, HRPP, Amendment to Petition [(10/21/14 Petition)], Filed October 21, 2014."[1]

Gleich argues the circuit court erred in dismissing his 10/21/14 Petition without a hearing.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as

---

[1] The Honorable Randal G.B. Valenciano presided.

well as the relevant statutory and case law, we resolve Gleich's points of error as follows.

We decline to review numerous issues on appeal that Gleich failed to raise in his 10/21/14 Petition. See Hawai'i Rules of Appellate Procedure Rule 28(b)(4).

As for the remaining issues, first, Gleich appears to argue there was insufficient evidence to support his convictions where the evidence showed the complainant's (Complainant) virginity was still intact after the alleged incident. The circuit court did not err by concluding Gleich failed to raise this argument in his March 31, 2003 Motion for New Trial or at sentencing in the underlying case, on direct appeal from his judgment of conviction, or in his December 3, 2013 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (12/3/13 Petition). Gleich maintains the omission was the result of ineffective assistance of counsel; however, Gleich filed his 12/3/13 Petition as a self-represented litigant. Gleich has failed to present extraordinary circumstances justifying his omission. See Hawai'i Rules of Penal Procedure (HRPP) Rule 40(a)(3).

Gleich next appears to argue the circuit court erred by rejecting his argument that the trial court erroneously failed to instruct the jury on Sexual Assault in the Third Degree (Sex Assault 3) as a lesser-included offense of Sexual Assault in the First Degree (Sex Assault 1) and Attempted Sex Assault 1 (Counts 1, 2, 9, 10, and 16-17).[2] We disagree.

_____

[2] Respondent-Appellee State of Hawai'i originally charged Gleich by indictment with a total of twenty-one sexual assault charges: a single offense of Continuous Sexual Assault of a Minor Under Fourteen Years (Continuous Sex Assault); four counts of Sex Assault 1; six counts of Attempted Sex Assault 1; and ten counts of Sex Assault 3. The jury was not instructed on the Continuous Sex Assault charge in count 1 of the indictment. The counts were renumbered so that counts 2-21 in the indictment became counts 1-20, as follows:

- Counts 1 and 2: Sex Assault 1
- Counts 3-7:  Sex Assault 3
- Count 8:  Attempted Sex Assault 1

When Gleich was convicted, in 2003, the prevailing law in Hawaiʻi on this point was State v. Haanio, 94 Hawaiʻi 405, 16 P.3d 246 (2001), overruled by State v. Flores, 131 Hawaiʻi 43, 314 P.3d 120 (2013). In Haanio, the Hawaiʻi Supreme Court held that a trial court's failure to give lesser-included-offense instructions to the jury, where appropriate, was harmless if the jury convicted the defendant of the charged offense or an included offense greater than the included offense erroneously omitted from the instructions. Id. at 415-16, 16 P.3d at 256-57. In this case, although it is undisputed that the trial court erroneously failed to instruct the jury on Sex Assault 3 as a lesser-included offense of Sex Assault 1 and Attempted Sex Assault 1, as charged in Counts 1, 2, 9, 10, and 16-17, under Haanio, the error was harmless because the jury found Gleich guilty of Sex Assault 1 and Attempted Sex Assault 1. See Batalona v. Hawaiʻi, 142 Hawaiʻi 84, 99, 414 P.3d 136, 151 (2018) (because Haanio was controlling law when Batalona's counsel failed to challenge the refusal of a lesser included offense instruction on appeal, counsel's failure was not ineffective assistance). See also State v. Auld, 136 Hawaiʻi 244, 248, 256-57, 361 P.3d 471, 475, 483-84 (2015) (affirming conviction based on charge sufficient under existent case law while announcing new rule overruling precedent and requiring facts supporting mandatory minimum term of imprisonment be included in charge to be applied prospectively only).

Next, Gleich argues that at trial, the Deputy Prosecuting Attorney committed misconduct by coaching Complainant to give false testimony before the grand jury to obtain more

---

- Counts 9-10: Sex Assault 1
- Count 11: Sex Assault 3
- Counts 12-15: Sex Assault 3
- Counts 16-20: Attempted Sex Assault 1

The jury acquitted Gleich of Counts 18-20, and the trial court instructed the jury as to Sex Assault 3, as a lesser-included offense of Attempted Sex Assault 1, as to Count 8. Gleich was convicted of Counts 1-17.

charges against Gleich. As the circuit court found, Gleich raised the argument in his Motion for New Trial, which the court denied, and on direct appeal, in which the court affirmed the judgment of conviction. Thus, the issue has been raised and ruled upon. See HRPP Rule 40(g)(2).

Last, Gleich argues that the circuit court erred by failing to appoint him counsel in the proceedings on his 10/21/14 Petition. Because, as discussed, Gleich's points lack merit, the 10/21/14 Petition does not raise substantial issues requiring the marshaling of evidence and logical presentation of evidence. The circuit court did not err by denying Gleich's motion for appointment of counsel. See Engstrom v. Naauao, 51 Haw. 318, 321, 459 P.2d 376, 378 (1969); see also State v. Levi, 102 Hawai'i 282, 288, 75 P.3d 1173, 1179 (2003).

Therefore, IT IS HEREBY ORDERED that the Circuit Court of the Fifth Circuit's July 28, 2017 "Findings of Fact; Conclusions of Law; Order Denying Without a Hearing [Gleich's] Rule 40, HRPP, Amendment to Petition, Filed October 21, 2014," is affirmed.

DATED: Honolulu, Hawai'i, October 9, 2019.

On the briefs:

Kai Lawrence,
for Petitioner-Appellant
and Frank Gleich,
Petitioner-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

4